This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MOUNTAIN VIEW INVESTMENT GROUP L.P.,**

Plaintiff-Appellant,

and

**JUDITH HOWARD, JOHN CLOUTHIER, JOHN LINDBLOM, individually and derivatively on behalf of CREE MEADOWS COUNTRY CLUB, INC.,**

Plaintiffs,

**v.**                                                  **No. 30,389**

**W. WAYNE SMITH in his capacity as chairman of the board of directors and president of CREE MEADOWS COUNTRY CLUB, INC., and MICHAEL SCHATTNER, NEIL GOODMAN, EVAN LUCAS, JIM WALKER, FRANK BUBSER and MIKE MOHRHAUSER in their capacity as members of the board of directors of CREE MEADOWS COUNTRY CLUB, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Tax Estate & Business Law, Ltd.
Clinton W. Marrs
Albuquerque, NM

for Appellant

Charles E. Hawthorne
Ruidoso, NM

for Appellees Cree Meadows Country Club, Inc., W. Wayne Smith, Michael Schattner, Jim Walker, Neil Goodman, and Evan Lucas

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff Mountain View Investment Group, L.P. appeals from the district court's order dismissing its claims with prejudice. We issued a first notice of proposed summary disposition, proposing to affirm. Plaintiff filed a response to our notice. Persuaded that the district court's order of dismissal presents some concerns, we issued a second notice proposing to summarily remand. We have not received a response to our second notice. Therefore, we remand this case to the district court.

On appeal, Plaintiff has argued that the district court erred by dismissing its claims with prejudice rather than without prejudice. In district court, Plaintiff agreed that dismissal would be appropriate so long as it could raise a shareholder derivative

suit in a separate action. It is not clear to us on what grounds the district court dismissed Plaintiff's case or what result the district court intended by dismissing the case with prejudice or even whether the dismissal with prejudice was a typographical error.

On the reasoning set forth in our second notice and in this opinion, we remand this case to the district court for the limited purpose of clarifying the basis for its order dismissing Plaintiff's case with prejudice. The district court shall enter a written order clarifying the basis for dismissal with prejudice or an order dismissing the case without prejudice, if appropriate, within sixty days of the date of this opinion. Plaintiff shall file a copy of the district court's order with the Clerk of the Court of Appeals within five days of its entry. Within thirty days of filing the copy of the district court's order with this Court, Plaintiff shall file a statement regarding whether it intends to proceed with this appeal and an amended docketing statement, if applicable.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

3

_____
**ROBERT E. ROBLES, Judge**